**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ALFRED BOYAJIAN          :
                         :
    Plaintiff,       :
                         :
v.                       :  CIVIL ACTION NO.
                         :  1:09-CV-3006-RWS
THE CITY OF ATLANTA,     :
                         :
    Defendant.       :

## **ORDER**

This case comes before the Court on Plaintiff's Emergency Motion for Preliminary Injunction and Motion for Consolidation of the Hearing With the Trial on the Merits [2] and Defendant's Motion to Dismiss [8]. Following a hearing held on November 19, 2009 and a review of the record, the Court enters the following Order.

### **I.  Background[1]**

Plaintiff Boyajian has raised and bred tame wild cats in the City of Atlanta since 1977. In 2007, the City of Atlanta issued citations against Plaintiff for violation of the City of Atlanta Ordinance § 16-04.004 for

---

[1] The Court makes no findings as to the facts stated herein which are taken from the Plaintiff's Amended Complaint [11].

commercial use of an accessory structure in R-2 zoning and violation of the City of Atlanta Ordinance § 30-65 for operating a business without a business license. Plaintiff subsequently filed the above-captioned suit seeking a declaratory judgment and injunctive relief against the Defendant to prohibit the enforcement of City of Atlanta Ordinance § 30-65 and its exception, § 30-72, as well as § 16-04.4004. See Amended Complaint [11]. Plaintiff also seeks the recovery of attorneys' fees associated with the cost of the lawsuit.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's action under Rule 12(b) for lack of subject matter jurisdiction [9]. Defendant argues that the Tax Injunction Act ("TIA"), codified at 28 U.S.C. § 1341[2] restricts the power of this Court to interfere with the enforcement of City of Atlanta Ordinance § 30-65. The goal of the TIA is to limit the jurisdiction of federal district courts in preventing the collection of state law taxes where an adequate state remedy is present.

Here, undisputably an adequate state remedy is available to hear

---

[2]The Act states in relevant part:
"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.§ 1341.

2

Plaintiff's claim. Therefore, the remaining issue is whether the remedy sought by Plaintiff is barred by the TIA. In conducting this analysis, previous courts have held that to the extent the statute challenged is regulatory rather than revenue raising in purpose, the district court retains jurisdiction. Mobil Oil Corp. v. Tully, 639 F.2d 912, 917-18 (2d Cir.1981); Miami Herald Publishing Co. V. City of Hallendale, 734 F. 2d 666 (11th Cir. 1984). The question for the Court thus becomes whether the purpose of the City of Atlanta Ordinance at issue is to raise revenue for the city or to regulate licensees. City of Atlanta Ordinance § 30-65 provides in part as follows:

> (a) All businesses operating within the jurisdiction of the city shall be registered with the business tax division unless exempted by this article or by state law . . .
> . . .
>
> (c) As set forth in section 30-69, there is imposed a penalty upon each person or other entity which fails to apply for and obtain an appropriate business registration and pay all required taxes and fees as provided in this article. Any person or other entity transacting or offering to transact business within the jurisdiction of the city without first having obtained such registration within the time required shall be subject to the payment of those fines, interest and penalties provided in section 30-69 in addition to the payment of all taxes, penalties and interest.

3

Defendant argues that Plaintiff seeks to challenge an occupational tax imposed by the City of Atlanta codified at O.C.G.A. §§ 48-13-1 *et seq* and that all provisions of the occupational tax article of the municipal code are "for revenue purposes only . . . not for regulatory purposes . . . " City of Atlanta Ordinance § 30-53. Plaintiff notes that this language refers specifically to the tax provisions of the statute and not all provisions of the Chapter 30. Rather, Plaintiff contends that the registration requirement found in § 30-65 is an administrative fee, defined as "a component of an occupation tax which approximates the reasonable cost of handling and processing the occupational tax. For those businesses required to register with the city, the payment of the administrative fee shall also satisfy any requirement to pay the registration fee." City of Atlanta Ordinance § 30-51. Plaintiff argues that since the main goal of the ordinance at issue is for regulatory, handling, and processing purposes, jurisdiction is not barred by the TIA.

After a review of the relevant provisions and a hearing on the merit of the Parties' arguments, the Court concludes that the relief sought by Plaintiff is regulatory in nature. In the Court's view, the relief sought by Plaintiff does not serve to restrict the assessment, levy, or collection of any state taxes. Rather,

4

Plaintiff opposes a procedural registration fee provision that is wholly independent of revenue raising provisions. Therefore, the Court's jurisdiction to hear Plaintiff's matter concerning City of Atlanta Ordinance § 30-65 is not barred by the TIA. Defendant's Motion to Dismiss is **DENIED** [8].

### III.  Plaintiff's Emergency Motion for Preliminary Injunction and Motion for Consolidation of the Hearing with the Trial on the Merits

Plaintiff seeks a preliminary injunction barring Defendant from enforcing City of Atlanta Ordinance § 30-65 and its exception, § 30-72, as well as § 16-04.4004. A preliminary injunction is an "extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002). Following a hearing, the Court finds that Plaintiff has met its burden of demonstrating the criterion required under the preliminary

5

injunction analysis. Plaintiff has shown a substantial likelihood of success on the merits primarily because the Court has serious reservations as to whether the Ordinances that the City seeks to enforce are even applicable to Plaintiff. Enforcement of City of Atlanta Ordinance § 30-65 and its exception, § 30-72, as well as § 16-04.4004 will cause irreparable harm to Plaintiff, forcing him to relocate or be subject to criminal prosecution. While the Court recognizes that the nature of Plaintiff's activities may be causing complaints from the public, those concerns do not warrant the "reinterpretation" of the Ordinance asserted by the City. The public at large would not be served by altering the interpretation of this Ordinance to try to address this isolated circumstance. Accordingly, Plaintiff's Emergency Motion for Preliminary Injunction is **GRANTED** [2-1]. The Defendant is **ORDERED** to refrain from enforcing City of Atlanta Ordinance § 30-65 and its exception, § 30-72, as well as § 16-04.4004 to Plaintiff's detriment until such time as this Court has ruled on the merits of Plaintiff's suit.[3]

---

[3] Further development of the record may be required before the Court rules on the merits of Plaintiff's claim. Therefore, the Court declines at this time to rule on the merits of Plaintiff's Complaint. Accordingly, Plaintiff's Motion for Consolidation of the Hearing with the Trial on the Merits [2-2] is **DENIED**.

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss is **DENIED** [8]. Plaintiff's Emergency Motion for Preliminary Injunction is **GRANTED** [2-1], and Plaintiff's Motion for Consolidation of the Hearing with the Trial on the Merits [2-2] is **DENIED**. The Defendant is **ORDERED** to refrain from enforcing City of Atlanta Ordinance § 30-65 and its exception, § 30-72, as well as § 16-04.4004 against Plaintiff.

**SO ORDERED** this  9th  day of December, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)